IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **KEITH CHAMBERS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 2:25-cv-2210 |
| vs. ) | |
| ) | JURY DEMANDED |
| **PGT TRUCKING, INC., and** ) | |
| **TRACY MERRITT,** ) | |
| ) | |
| Defendant. ) | |

**RESPONSE IN OPPOSITION TO
DEFENDANTS PGT TRUCKING, INC.'S AND TRACY MERRITT'S
MOTIONS FOR PARTIAL DISMISSAL AND JOINT MEMORANDUM OF LAW**

Plaintiff, KEITH CHAMBERS ("Plaintiff"), by and through his counsels of record, **EA KING LAW, PLLC AND LAW OFFICE OF BRANDON HALL**, and for this reply to Defendants, PGT TRUCKING, INC.'s and TRACY MERRITT's Motions for Partial Dismissal of Plaintiff's punitive damages claims, and Motion for Partial Dismissal of Plaintiff's direct negligence claims against Defendant PGT TRUCKING, INC. and states as follows:

**FACTS AND PROCEDURAL HISTORY**

This cause arises from a collision that occurred between a tractor-trailer ("truck") operated by Tracy Merritt, when he drove over the rear left side to front left side of an automobile driven by Keith Chambers. As this Honorable Court is well aware, a full-loaded truck weighs much, much more than an automobile—roughly twenty times more—and the laws of physics ensure that any elastic collision between objects of such disparate mass will necessarily be violent and most likely

extremely consequential for anyone unfortunate enough to be a passenger in the smaller object. At the time of the wreck, Defendant Tracy Merritt was acting within the course and scope of his employment with Defendant PGT Trucking, Inc.

This matter was filed in Federal Court based on diversity of citizenship and amount in controversy. In his complaint, Plaintiff clearly and sufficiently pleaded claims for punitive damages against Defendant PGT Trucking, Inc. and Defendant Tracy Merritt. Plaintiff's allegations in his Complaint stem from the negligent and/or reckless acts of the Defendants. *See Compl*. Specifically, upon a review of **COUNT 4: PUNITIVE DAMAGES**, paragraphs 26 through 37 of the Complaint, Plaintiff states such factual allegations as "Due to the nature of Defendant Tracy Merritt's proclivity to disregard the rules of the road and his driving history, Defendants were aware that persons on the road such as Plaintiff were likely to be harmed by Defendant Tracy Merritt", "Defendant PGT Trucking knew or should have known that permitting Defendant Tracy Merritt to drive for them would lead to the injury of persons on the road, such as the catastrophic injuries suffered by the Plaintiff" and "Defendants maliciously, intentionally, fraudulently and/or recklessly failed to identify risks and dangers associated to the nature and history of Defendant Tracy Merritt's driving" *Compl*. ¶¶ 26 through 37. Throughout the remainder of Plaintiff's Complaint, he pleads multiple times that not only did each and every Defendant act negligently, but also recklessly. For instance, in Paragraph 22, Plaintiff presents a Negligence *per se* claim under City of Memphis Code of Ordinances - Section 11-16-44 and T.C.A. § 55-10-205, titled Reckless Driving.

Furthermore, in his complaint, Plaintiff clearly and sufficiently pleaded vicarious liability and direct liability claims against Defendant PGT Trucking, Inc. *See Compl*. Specifically, upon a review of **COUNT 3: RESPONDENT SUPERIOR/NEGLIGENT ENTRUSTMENT**

paragraphs 24 through 25 of the Complaint, Plaintiff states such factual allegations as "Defendant PGT Trucking, Inc. negligently entrusted the use of a vehicle to Defendant Tracy Merritt", "Defendant PGT Trucking knew or in the exercise of due diligence should have known of Defendant Tracy Merritt's, an employee and/or agent of Defendant PGT Trucking, Inc., propensity and proclivity to drive in an illegal, unlawful, negligent and/or reckless manner." *Compl.* ¶ 25.

Based on the fact that Plaintiff Keith Chambers has not only alluded to negligent, reckless actions and direct liability, and continually pleaded those actions throughout his Complaint, but included facts related to (1) the violence of the collision, (2) the previously adjudicated wrongdoing of defendant Merritt, and (3) the supervisory employment relationship between defendant PGT Trucking over defendant Merritt, the Plaintiff has properly stated a claim upon which relief for punitive damages and direct liability can be granted based on the standard set by the Tennessee Supreme Court. Therefore, Defendants' Motions for Partial Dismissal of Punitive Damages and Defendant PGT Trucking, Inc.'s Motion to Dismiss direct liability claims against itself should be **<u>DENIED</u>**.

## **<u>STANDARD OF REVIEW</u>**

"Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir. 2009). While "labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are insufficient, a plaintiff is *not required* to plead "detailed factual allegations." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Indeed, "'[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *In re Regions Morgan*

*Keegan ERISA Litig.*, 692 F. Supp. 2d 944, 952 (W.D. Tenn. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). "The key inquiry is whether the facts in the complaint set out 'a claim to relief that is plausible on its face.'" *Whitney v. City of Milan*, 720 F. Supp. 2d 958, 961 (W.D. Tenn. 2010) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the *reasonable inference* that the defendant is liable for the misconduct alleged." *Hensley*, 579 F.3d at 609 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (emphasis added).

"In reviewing the complaint, the court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff." *Swanigan v. Nw. Airlines, Inc.*, 718 F. Supp. 2d 917, 921 (W.D. Tenn. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "Where there are conflicting interpretations of the facts, they must be construed in the plaintiff's favor." *Id.* (citing *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1039-40 (6th Cir. 1991)). Indeed, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Whitney*, 720 F. Supp. 2d at 961-62 (citing *Erickson*, 551 U.S. at 93-94).

The Defendants herein have filed a Motion for Partial Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's Complaint lacks sufficient allegations to state a claim for punitive damages against Defendants and lacks sufficient factual allegations to state a claim for direct liability against Defendant PGT Trucking, Inc. The object of Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the pleading. *Davis H. Elliot Co. v. Caribbean Utilities Co.,* 513 F.2d 1176, 1182 (6th Cir. 1975). Under *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), a plaintiff must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 547 (emphasis added). However, in making its evaluation, the reviewing court must "liberally construe [the complaint]

4

in favor of the plaintiff and all factual allegations and permissible inferences in the complaint are to be accepted as true." *Kent v. Johnson,* 821 F.2d 1220, 1223 (6th Cir. 1987). With these considerations in mind, a court may only grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6) where the allegations in the Complaint are legally insufficient to entitle a plaintiff to any relief. *Dunn v. Tennessee,* 697 F.2d 121, 125 (6th Cir. 1982).

Based on a review of the arguments raised in the Defendants' Motion for Partial Dismissal and Plaintiff's Complaint, it is clear that Plaintiff has met this standard. Based on the aforementioned standards and the facts asserted herein, Plaintiff respectfully submits that the Defendants have failed to carry their exacting burden in proving that the Plaintiff has not alleged sufficient facts to state a cause of action against the Defendants, and, accordingly, the Defendants' Motions for Partial Dismissal must be <u>DENIED</u>.

*Sub judice,* Plaintiff has provided sufficient details and facts to support his claims in the Complaint. Further, considering that the Court must view the complaint "in the light most favorable to the Plaintiff" and accept all of the Plaintiff's allegations as true for the purposes of this motion, the Court must <u>DENY</u> Defendant's Motion to Dismiss and allow the parties to continue moving forward with discovery.

## LAW AND ANALYSIS

**I.       Plaintiff has Sufficiently Pleaded Punitive Damages. Such Pleadings Conform to the Pleading Standard of Federal Rule of Civil Procedure 12(b)(6).**

Under Tennessee law, a Plaintiff may be awarded punitive damages when he proves by clear and convincing evidence that the defendant has acted maliciously, intentionally, fraudulently or *recklessly*. T.C.A. § 29-39-104(a)(1) (emphasis added). Punitive damages are to be assessed upon a Defendant in order to "punish a defendant, to deter him from committing acts or a similar

5

nature, and to make a public example of him." *Huckeby v. Spangler,* 563 S.W.2d 555, 558-59 (Tenn. 1978). In Tennessee, a person acts 'recklessly' "when the person is aware of but consciously disregards a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise[.]" *Hodges v. S.C. Toof & Co.,* 833 S.W.2d 896, 901 (Tenn. 1992).

　　　　In this case, it is more than a "mere possibility" that the defendants have acted unlawfully. *Twombly*, 550 U.S. at 558. The most salient "further factual enhancement" alleged here is that an extremely violent collision occurred between an extremely heavy truck and comparatively lightweight passenger car in which the defendants' extremely heavy truck was adjudicated to have illegally swerved to cause plaintiffs' substantial injuries. *Id*.; *see Compl.* ¶ 12-15. The Complaint's statement that "Defendant Tracy Merritt was found Guilty of IMPROPER LANE USAGE at his trial in the Municipal Court of Memphis, Tennessee." *See Compl.* ¶ 14. It is "egregious" and potentially worthy of punitive damages that a driver of such an extremely large and dangerous vehicle chose to ignore the rules of the road. It is "egregious" and potentially worthy of punitive damages that the driver's employer who was tasked with supervising that driver's conduct and might have known of and prevented such behavior nevertheless failed to prevent the illegal conduct or collision.

　　　　As stated above, the Plaintiff must present his evidence of the Defendants' acts through clear and convincing evidence. In Tennessee, the courts have determined that such evidence in relation to recklessness, and thus the punitive damages claim, is to be submitted to a jury. "[I]f it could be said that there was evidence of reckless driving from conditions and positions of the two vehicles after the accident, conclusions to be drawn therefrom were for the jury." *Arnett v. Fuston,* 378 S.W.2d 425 (Tenn. Ct. App. 1963). Moreover, the Plaintiff here has presented claims for

6

common law Negligence, Negligence *Per Se* and Punitive damages. While Defendants Tracy Merritt and PGT Trucking, Inc. attempt to claim that arguments are made sufficiently regarding only negligence, a review of the complaint will show that both negligence and recklessness have been clearly and sufficiently pleaded. *See Compl*.

Because of such proper pleading, Plaintiff contends that these questions are ones to be considered by a jury, and that dismissal at this early of a point would be unjust.

**II.   A Dismissal of Punitive Damages is Too Early as Discovery Has Not Yet Been Completed; Thus Plaintiff is Still Gathering Further Proof to Properly Prove Claims.**

Defendants Tracy Merritt and PGT Trucking, Inc. argue that the Plaintiff must show proof of the actions in order for the court to proceed with the claims for punitive damages. However, Defendants, in their Motions for Partial Dismissal, never state that Plaintiff has brought his claims frivolously nor improperly, but with not enough facts. Considering that this Motion for Partial Dismissal of Punitive Damages has been brought prior to discovery has begun, Plaintiff requests that this Honorable Court deny the motion due to its premature nature.

Considering that the Court must view the Complaint "in the light most favorable to the Plaintiff" and accept all of the Plaintiff's allegations as true for the purposes of this motion, this Honorable Court should **DENY** Defendants' Motions for Partial Dismissal as to Plaintiff's claim for Punitive Damages and allow the parties to proceed with discovery.

The parties should be allowed to proceed with discovery because such dismissal, as here, can only be made when the Plaintiff is unable to present proof of the claims made. Without being provided the opportunity to partake in discovery, Plaintiff will suffer judicial inequities.

*Sub judice*, there are two different actors, each of which the Plaintiff is alleging is the

proximate cause of his injuries and losses. At this early point in litigation, it is necessary for the Plaintiff to be allowed discovery in order to provide proof that not only is he owed compensatory damages by the Defendants, but the Plaintiff should also receive punitive damages due to the malicious, intentional, fraudulent, or *reckless* actions of all of the Defendants.

**III.     Plaintiff has properly and sufficiently pleaded a claim for direct liability of PGT Trucking for negligent entrustment, negligent hiring, negligent training and negligent supervision. Such Pleadings Conform to the Federal Rule of Civil Procedure 12(b)(6).**

Defendants PGT Trucking, Inc. argues to this Court that the Plaintiff must show proof of the actions in order for the court to proceed with his direct liability claims against Defendant PGT Trucking, Inc. Defendant, in its Motion for Partial Dismissal, never states that Plaintiff has brought his claims frivolously nor improperly but instead asserts that there are not enough facts. Considering that this Motion for Partial Dismissal of Plaintiff's direct liability claims has been brought prior to discovery has begun, Plaintiff requests that this Honorable Court deny the motion due to its premature nature.

Based upon these pleadings, a Court should construe the Complaint to be sufficient, if not well-pleaded. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that the actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell. Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2006).

Here, Plaintiff has provided details and facts to support their direct liability claims as to PGT Trucking, Inc. in the Complaint. Notably, PGT Trucking, Inc. was legally responsible for the wrongful actions of its employee defendant Merritt.

Further, considering that the Court must view the Complaint "in the light most favorable to the Plaintiff" and accept all of the Plaintiff's allegations as true for the purposes of this motion,

8

this Honorable Court should **DENY** Defendant's Motion for Partial Dismissal as to Plaintiff's claim for direct liability against Defendant PGT Trucking, Inc. and allow the parties to proceed with discovery.

The parties should be allowed to proceed with discovery because such dismissal, as here, can only be made when the Plaintiff is unable to present proof of the claims made. Without being provided the opportunity to partake in discovery, Plaintiff will suffer judicial inequities.

*Sub judice*, there are two different actors, each of which the Plaintiff is alleging is the proximate cause of his injuries and losses. At this early point in litigation, it is necessary for the Plaintiff to be allowed discovery in order to provide proof that not only is he owed compensatory damages by the Defendants, but the Plaintiff should also receive punitive damages due to the malicious, intentional, fraudulent, or *reckless* actions of all of the Defendants (emphasis added).

### IV.     Defendants Tracy Merritt and PGT Trucking, Inc are NOT entitled to Attorney's Fees pursuant to T.C.A. § 20-12-119

Plaintiff filed a good faith and nonfrivolous lawsuit and pled clear, sufficient and valid claims for Punitive Damages against both Defendants and Direct Liability claims against Defendant PGT Trucking, Inc. Tennessee is a notice pleading state and failure to plead all potential claims against Defendants would have severely harmed the Plaintiff. *Tolliver v. Tellico Vill. Prop. Owners Ass'n*, 579 S.W.3d 8, 25 (Tenn Ct. App. 2019). Even if this Court rules in favor of Defendants' Motions for Partial Dismissal, Defendants should NOT be entitled to reasonable costs and attorney fees pursuant to T.C.A. § 20-12-119(c)(5) as Plaintiff filed his lawsuit in good faith and the lawsuit was nonfrivolous. Furthermore, nowhere in T.C.A. § 20-12-119 does it contemplate or mention reasonable costs and attorney fees in circumstances of partial dismissal only. Finally, by its express limiting language, any award of attorney's fees under T.C.A. § 20-12-

9

119 applies *exclusively* to grants of motions made "pursuant to Rule 12 of the Tennessee Rules of Civil Procedure," and not, as is the case here, under its federal complement, Rule 12(b)(6). Hence, by its express limiting language, T.C.A. § 20-12-119 does not apply. This limitation is particularly relevant given that the Tennessee Supreme Court has rejected the heightened federal "plausibility" approach in favor of keeping the more permissive notice pleading standard. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.422, 425 (Tenn. 2011) And because of the differing dismissal standard in Tennessee, dismissals made under the more permissive Tennessee statute would be more indicative of bad faith.

## CONCLUSION

Defendants' Rule 12(b)(6) motion should be DENIED. Plaintiff has pleaded sufficient facts and "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley*, 579 F.3d at 609 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Respectfully Submitted,

**EA KING LAW, PLLC**

/s/ Esperanza A. King
Esperanza A. King (BPR# 036083)
Attorney for Plaintiff
5350 Poplar Avenue – Suite 395
Memphis, Tennessee 38119
Office:         (901) 574-0155
Facsimile:  (901) 249-8231
Email:        eking@eakinglaw.com

and

**LAW OFFICE OF BRANDON HALL**

/s/ Brandon C. Hall
Brandon C. Hall (BPR# 033943)
Attorney for Plaintiff
One Memphis Place
200 Jefferson Avenue – Suite 700
Memphis, Tennessee 38103
Office:         (901) 352-5505
Facsimile:  (901) 522-1398
Email:        bhall@brandonhalllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the following counsel of record by U.S. Mail, postage prepaid, the ECF system, facsimile and/or electronic mail to the following counsel of record:

R. Kent Francis (#34239)
Hallie E. Robison (#41317)
***Attorneys for Defendants***
40 South Main Street #2900
Memphis, TN 38103-5529
(901) 525-8721
KFrancis@LewisThomason.com
HRobison@LewisThomason.com

On this 1st day of April 2025.

/s/ *Esperanza King*
Esperanza A. King (BPR# 036083)
***Attorney for Plaintiff***