PGT01.10001

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE AT MEMPHIS

**KEITH CHAMBERS,**

    Plaintiff,

vs                                                    #2:25-cv-2210

                                                               JURY DEMANDED

**PGT TRUCKING, INC.** and
**TRACY MERRITT,**

    Defendant.

## REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTIONS FOR PARTIAL DISMISSAL

Defendants, PGT Trucking, Inc. ("PGT Trucking") and Tracy Merritt ("Merritt"), submit this Reply in further support of their Motions for Partial Dismissal.

**I.** **Plaintiff's Response to Defendants' Motions for Partial Dismissal (D.E. 13) fails to show that the Complaint includes sufficient factual allegations to state a claim for punitive damages against Merritt or PGT Trucking.**

Plaintiff can point to no facts alleged in the Complaint that, if taken as true, would merit an award of punitive damages. Plaintiff's references to facts not alleged in the Complaint – such as the weights of the vehicles involved and the laws of physics – have no bearing on this analysis. Even if these facts were alleged in the Complaint, the Complaint would not include facts sufficient to state a claim for punitive damages.

As to the punitive damages claim against Merritt, Plaintiff's position can be found on page four of his Response:

> The Complaint's statement that "Defendant Tracy Merritt was found Guilty of IMPROPER LANE USAGE at his trial in the Municipal Court of Memphis, Tennessee." See Compl. ¶ 14. It is "egregious" and potentially worthy of punitive damages that a driver of such an extremely large and dangerous vehicle chose to ignore the rules of the road.

1

(D.E. 13, PageID 68.)  Improperly changing lanes in a large vehicle does not merit an award of punitive damages.  *See Womack v. Gettelfinger*, 808 F.2d 446, 453 (6th Cir. 1986) (punitive damages not available when the driver of a tractor-trailer made a wide right turn across the road all the way to the other shoulder in dense fog); *Leap v. Malone*, No. 95-6470, 1996 U.S. App. LEXIS 33965, *1-2 (6th Cir. 1996) (punitive damages not available when the driver of a sixty-five-foot tractor-trailer made a left turn directly in front of the plaintiff's vehicle); *Young v. GLM Transp., Inc.*, No. 1:18-CV-147-SKL, 2019 U.S. Dist. LEXIS, 243323, at *1-2 (E.D. Tenn. Nov. 1, 2019) (punitive damages not available when the driver of a tractor-trailer crossed two lanes of traffic and crashed into the plaintiff's vehicle).  Failing to see another vehicle before impact constitutes simple negligence.  *See Anderson v. U.S.A. Truck, Inc.*, No. W2006-01967-COA-R3-CV, 2008 Tenn. App. LEXIS 590, at *41 (Tenn. Ct. App. Oct. 1, 2008) (referencing *Rose v. Lydon*, No. 227, 1986 Tenn. App. LEXIS 2934 (Tenn. Ct. App, 1986); *see also Erdem v. J.B. Hunt Transp., Inc.*, No. 3:22-CV-00216-JRG-CRW, 2023 U.S. Dist. LEXIS 15194, at *8 (E.D. Tenn. Jan. 30, 2023) ("The ordinary side-swipe car accident alleged by [the plaintiff] simply does not give rise to a claim for recklessness.")

Plaintiff cannot rely on the allegation in the Complaint that Merritt ignored the rules of the road while operating a tractor-trailer to show that Plaintiff sufficiently pled a claim for punitive damages against Merritt.  Plaintiff cites to no law supporting his argument that this alleged conduct would merit an award of punitive damages.

Plaintiff's position regarding his punitive damages claim against PGT Trucking can also be found on page four of his Response:

> It is "egregious" and potentially worthy of punitive damages that the driver's employer who was tasked with supervising that driver's conduct and might have known of and prevented such behavior nevertheless failed to prevent the illegal conduct or collision.

(D.E. 13, PageID 68.) Plaintiff cites to no facts in support of his allegation that PGT Trucking negligently supervised Merritt. Therefore, the Complaint fails to state a claim for punitive damages against PGT Trucking.

    II.    **Plaintiff's Response to Defendants' Motions for Partial Dismissal fails to show that the Complaint includes sufficient factual allegations to state a claim for the direct liability of PGT Trucking for negligent entrustment, negligent hiring, negligent training, and negligent supervision.**

Plaintiff's Response cites the legal conclusions pled in the Complaint in an attempt to show that Plaintiff has alleged facts to support the direct liability claims against PGT Trucking. For instance, Plaintiff cites to the following sentence in the Complaint: "Defendant PGT Trucking, Inc. negligently entrusted the use of a vehicle to Defendant Tracy Merritt." (D.E. 13, PageID 65). This is a legal conclusion couched as a fact, and the Court should not accept it as true when considering Defendants' motion. *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012). Plaintiff's allegation that a supervisory employment relationship existed between PGT Trucking and Merritt does not amount to sufficient factual support for the allegation that PGT Trucking negligently hired, trained, and supervised Merritt or negligently entrusted the vehicle to Merritt. The Complaint lacks <u>facts</u> to support these claims. It simply states the legal elements of the claims.

In *Davis v. Sunrise Transportation Express, Inc.*, the defendants filed a Rule 12(b)(6) motion to dismiss the plaintiff's direct liability claims, arguing that the plaintiff's complaint did not satisfy the Rule 8 pleading standard. *Davis v. Sunrise Transp. Express, Inc.*, No. 3:24-cv-00308, 2024 U.S. Dist. LEXIS 95269, at *4 (M.D. Tenn. May 29, 2024). The plaintiff's sole bases for the negligent hiring, supervision, and training claims were the listed breaches of duty in the complaint. *Id.* at *6-7. The plaintiff argued that the breaches of duty alone, viewed in the light

most favorable to the plaintiff, demonstrated a factual basis.  *Id.* at *7.  The United States District Court for the Middle District of Tennessee disagreed, noting that the allegations were nothing more than a "formulaic recitation of the elements."  *Id.*  Similarly, in *Erdem v. J.B. Hunt Transp., Inc.*, the United States District Court for the Eastern District of Tennessee held that the plaintiff's complaint was devoid of any facts that supported direct negligence claims against the trucking company.  2023 U.S. Dist. LEXIS 15194, at *6 ("While it is possible that J.B. Hunt negligently supervised [the driver] or did not maintain its tractor trailer, the Complaint's material facts describing an ordinary side-swipe-type car accident do not allow the Court to draw the reasonable inference that such scenarios are plausible.")

Plaintiff's formulaic recitation of the elements in the Complaint does not amount to sufficient factual allegations to state the claims for the direct liability of PGT Trucking.  Therefore, the Court should dismiss these claims.

**III.    No discovery is needed to determine whether the Complaint states a claim upon which relief can be granted.**

Plaintiff's argument that Defendants' motions are premature because no discovery has been not begun lacks merit.  Plaintiff must allege sufficient facts in the Complaint to support his claims: "[A] plaintiff is generally not entitled to discovery before a motion to dismiss has been decided, and allowing such discovery undermines the purpose of Federal Rule of Civil Procedure 12(b)(6), which is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'"  *Greve v. Bass*, No. 3:16-cv-372, 2017 U.S. Dist. LEXIS 11595, at *4 (M.D. Tenn. Jan. 27, 2017) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003)).  Plaintiff may not assert naked legal conclusions in the Complaint and then go looking for facts to support these conclusions during the discovery process.  The Complaint itself must include sufficient factual allegations to state a claim for punitive damages and the direct liability of PGT

4

Trucking.  It does not.  The Complaint includes alleged facts to support claims for the negligence of Merritt and the vicarious liability of PGT Trucking.  The claims for punitive damages and the direct liability of PGT Trucking should be dismissed pursuant to Rule 12(b)(6) because the Complaint lacks sufficient factual allegations to state these claims.

    Respectfully submitted,

    **LEWIS THOMASON, P.C.**

    s/R. Kent Francis
    R. Kent Francis  (#34239)
    Hallie E. Robison (#41317)
    40 South Main Street #2900
    Memphis, TN  38103-5529
    (901)  525-8721
    KFrancis@LewisThomason.com
    HRobison@LewisThomason.com

    *Attorneys for Defendants PGT Trucking, Inc. and Tracy Merritt*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this pleading has been served on the following counsel of record *via* e-mail and through the Court's electronic filing system:

    Esperanza A. King (#36083)
    EA King Law, PLLC
    5350 Poplar Avenue #395
    Memphis, TN  38119-3689
    Eking@EAKinglaw.com

    Brandon C. Hall (#33943)
    Law Office of Brandon Hall
    200 Jefferson Avenue #700
    Memphis, TN  38103-2351
    BHall@BrandonHalllaw.com

This 14th day of April, 2025.

    s/R. Kent Francis
    R. Kent Francis